**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X    DKT#

CARLOS ALVAREZ                                                                                   COMPLAINT

                          Plaintiff(s),

-against-

                                                 Plaintiff demands trial
                                                 by Jury of all issues triable by Jury


THE CITY OF NEW YORK, POLICE OFFICER (P.O.)
ALEXIS SOTO, Shield Number 13519 (in her individual and official capacity)
P.O. JONATHAN KATZ (in his official and individual capacity), P.O.CARLOS
RIVERA, (in his official and individual capacity) P.O. ABUHAIKAL MUHAMMAD
(in his official and individual capacity),THE BRONX DISTRICT ATTORNEY'S OFFICE
and ASSISTANT DISTRICT ATTORNEY JENNIFER  KIM,(in her official and
individual capacity)

      Defendant(s)

------------------------------------------------------------------------X

Plaintiff, by his attorney, Rehan Nazrali, Esq., alleges for his complaint against the Defendants upon information and belief:

## INTRODUCTION

1. This is an action at law to redress the deprivation by Defendants, acting under color of statute, ordinance, regulation, custom and/or usage, of a right, privilege or immunity secured to Plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America with intent to deny Plaintiff his civil rights, all of which arise under Federal Law, particularly Title 42 U.S.C. §§ 1983 and 1988, and the Constitution, Laws and Statutes of the United States and the State of New York.

## JURISDICTION AND VENUE

2. This action arises under the United States Constitution, particularly under the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States,

1

and under Federal law, particularly Title 42 of the United States Code, §§ 1983, 1988. This Court also has jurisdiction of this case under and by virtue of Title 28 of the United States Code, §§ 1331, 1342 (4) and 1343.

3. Venue is proper in this district under 28 U.S.C. § 1391(b).

## PARTIES

4. At all times relevant hereto the Plaintiff Carlos A. Alvares, was and is a resident of the Dominican Republic.

5. At all times relevant hereto defendant City of New York (hereinafter "City") was and is a municipal corporation organized and existing under and by virtue of the laws of the State of New York. The City has established and maintains the New York City Police Department ("NYPD") as a constituent department or agency.

6. At all times relevant hereto, defendant New York City Police Department (hereinafter "NYPD") was and is Municipal Entity duly existing, organized and operating under the laws and ordinances of the City and State of New York.

7. That at all times hereinafter mentioned the defendant, The Bronx County District Attorney's office, was and still is an agency and/or department of the City of New York, authorized and existing under and by virtue of the laws of the City and State of New York.

8. At all relevant times hereto defendant NYPD, pursuant to the laws of the City and State of New York establishing its existence and authorizing its operations, operated, controlled, directed, managed and supervised its employees and particularly its Police Officers thereto.

9. Defendant Alexis Soto (hereinafter "Soto") was a police officer of the NYPD, Shield Number 13519, who at the time, was on the force for one and a half years. Soto is sued in her official and individual capacities.

10. Defendants P.O. Jonathan Katz (hereinafter "Katz"), P.O. Carlos Rivera (hereinafter "Rivera"), P.O. Abuhaikal Muhammad (hereinafter "Muhammad"), and Prosecutor ADA J. Kim (hereinafter "ADA Kim") were and are the agents, servants and employees of defendant City who are joined individually and in their official capacities, who were at all times acting within the purpose and scope of their agency and employment and who were, together with officer Soto, substantially responsible for the deprivation of rights hereinafter complained of.

11. That said individual Defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTS

12. On May 15, 2010, Plaintiff, and three other traveling companions were driving when they were hit from behind by another driver who attempted to flee without providing his insurance information.

13. Plaintiff and his three companions followed the driver to inform him of his duty to stop and provide his insurance information.

14. When the driver was forced to stop at an intersection, Plaintiff and his companions approached the driver on foot until Plaintiff, fearing a confrontation could ensue, convinced his companions to leave the driver alone and to return to their vehicle.

15. When Plaintiff and his companions returned to their vehicle, they were arrested by Soto along with NYPD officers Katz, Rivera, and Muhammad, all from the NYC Housing Authority Intelligence Unit of the 40th Precinct of the NYPD in Bronx County.

16. Plaintiff and his companions were not doing anything illegal but were forcefully extracted from their vehicle, handcuffed, and made to kneel execution style on the street with the guns of the police drawn and ready to kill.

17. The police officers did not listen to Plaintiff's pleas, instead, they preferred the story of the hit-and-run driver, who claimed Plaintiff, and his companions attempted to carjack him and threaten him with a knife.

18. There was no evidence to prove arresting officer Soto's allegations that Plaintiff and his companions were following the hit-and-run driver because they wanted to "carjack the vehicle."

19. The driver perpetrated this "carjacking" and "robbery with a knife" narrative in order to hide his liability for the hit and run car accident.

20. After Soto spoke to the hit-and-run driver, Soto somehow found a knife and a backpack with possessions worth no more than $80.

21. At no time did Plaintiff or his companions enter the driver's car and steal his chattel. Nor did they threaten the driver with a knife.

22. At the police station, Police Detective Annette Francesquini (hereinafter, "Francesquini") (263-40 DET SQUAD) informed Plaintiff that there was no "carjacking," but it was up to Soto to decide whether Plaintiff and his companions could be released or not.

23. On June 21, 2010, Plaintiff was arraigned in New York Supreme Court of Bronx County for 21 counts of crimes including robbery, assault, unlawful imprisonment, and criminal possession of a weapon.

24. Following his arraignment, Plaintiff's first attorney abandoned him to his fate and Plaintiff did not have counsel for almost two years while incarcerated.

25. Soto lied and fabricated the story of "carjacking" and "robbery" because Soto initially reported to Francesquini that (a) "she observed a male Hispanic in a vehicle with a knife and he was pointing the knife at the victim," and (b) "the other three men were trying to force themselves into the vehicle and when they saw police, they forcibly removed . . . property and began to walk to their vehicle, and (c) "she apprehended all perpetrators *at the scene.*"

26. Soto's testimony in court was very different from what she stated to Francesquini. Soto stated in court that she first encountered Plaintiff and his companions when they were in *their vehicle* and forcibly extracted them.

27. On the court's record, Soto fabricated the crime of Robbery in the First Degree and fabricated evidence of the crime.

28. Soto admitted in court that she did not wear gloves when she handled the knife or backpack, thereby contaminating the evidence.

29. Soto admitted in court that neither she nor her supervisors requested any scientific tests to determine if Plaintiff had handled key evidence including the knife and backpack.

30. During the first trial, ADA Kim realized that the jury was going to acquit the Plaintiff because key witnesses could not identify Plaintiff in court and arresting officer Soto became hyperactive and hysterical whe she was confronted by the defense attorney

regarding the fact that Soto did not preserve the integrity of the evidence (the knife) that the Plaintiff allegedly used in the crime of Robbery in the First Degree.

31. The Prosecutor, ADA Kim, knowingly allowed Soto to lie about the fabricated crime and evidence to the court and the jury, committing perjury.

32. ADA Prosecutor Kim deliberately provoked a mistrial because she knew that she had committed an illegal act.

33. Because ADA Kim's actions were calculated to cause a mistrial, the second trial should not have taken place.

34. The court later learned that prosecutor ADA Kim had instructed the prosecuting witness to identify the Plaintiff by showing her a single picture of the Plaintiff.

35. The Court appointed a new attorney for Plaintiff almost two years and four months following his arrest and incarceration.

36. Plaintiff's second attorney could not remain his counsel and a third lawyer was appointed to represent him. At least five Assistant District Attorneys acted as the Prosecutor against Plaintiff.

37. Plaintiff's second trial was ordered by the presiding Judge, Honorable Efrain Alvarado.

38. On December 13, 2013 Plaintiff was found guilty of Robbery in the First Degree and acquitted of all the other charges, or the other charges were dismissed.

39. Significantly, the charge of Petit Larceny, which allegedly involved the exact same property as in the charge of Robbery in the First Degree, was dismissed.

40. The dismissal of the Petit Larceny charge is irrefutable evidence that the crime of Robbery did not take place and could not have taken place as the property allegedly stolen in both crimes was identical.

41. After Plaintiff was pronounced guilty of Robbery in the First Degree, he requested his third lawyer to file for entitled relief to which the lawyer refused to do so.

42. Plaintiff, who neither speaks nor writes American English, asked for help in the Law Library of the Vernon Bain Detention Center, and submitted a motion to set aside the verdict of guilty for the crime of Robbery.

43. On January 31, 2014, Alverez was appointed a fourth attorney to assist in submitting the motion to set aside the verdict.

44. The fourth attorney was unable or unwilling to prepare the motion and Plaintiff remained incarcerated for more than four years since his arrest.

45. The evidence of the crime of Robbery allegedly committed by Plaintiff was fabricated by the arresting police officer Soto in violation of Plaintiff's fundamental right to be secure in his person pursuant to the Fourth and Fourteenth Amendments of the U.S. Constitution and Section 12 of the New York Constitution.

46. Officer Soto was later suspended for unknown infractions

47. Plaintiff was incarcerated from the day of his arrest in 2010 until 2021 when the court reversed his convictions because it determined Plaintiff's retrial violated constitutional prohibitions against double jeopardy.

**AS AND FOR A FIRST CAUSE OF ACTION FOR MALICIOUS PROSECUTION UNDER CIVIL RIGHTS LAW 42 USC §1983 BEHALF OF PLAINTIFF AS AGAINST NEW YORK CITY, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICERS SOTO, KATZ, RIVERA, MUHAMMAD, THE BRONX COUNTY DISTRICT ATTORNEY'S OFFICE AND ASSISTANT DISTRICT ATTORNEY KIM.**

48. The Plaintiff hereby incorporates by reference each and every preceding paragraphs 1 through 47 of this Complaint as though fully pleaded and re-alleged in their entirety below.

49. That at all relevant times, Police officers Soto, Katz, Rivera, Muhammad, and ADA Kim were agents of the City and or NYPD and acting within the scope of their duties as law enforcement officers and prosecutors.

50. That the City and the Bronx District Attorney's Office by and through their agents, servants and employees, Police officers Soto, Katz, Rivera, Muhammad, and ADA Kim initiated and continued a criminal proceeding against Plaintiff in bad faith, insofar as these police officers and prosecutor, upon review and investigation of the facts of the within matter became and or were made aware or should have been aware of exculpatory and or exonerating evidence in Plaintiff's favor, to wit, preceding the initiation of criminal proceedings, their actual awareness that no crime had been committed by Plaintiff and notwithstanding same pursued and or initiated his prosecution by presenting incomplete, incorrect information to the city Prosecutor, which, because of the suppression of evidence or other law enforcement conduct undertaken in bad faith, lacked and was without probable cause.

51. That the criminal proceedings and prosecution thereto terminated completely in Plaintiffs favor on or before Oct 19, 2021.

52. That the City and the Bronx County District Attorney's Office lacked probable cause to commence and to continue the criminal proceeding against Plaintiff since, at all relevant times, the City, Soto, Katz, Rivera, Muhammad, and ADA Kim, knew, or possessed information, that Plaintiff's prosecution for the aforementioned charges lacked probable cause and that defendants could not evince any facts or circumstances which could lead a reasonable person to believe that Plaintiff was guilty of the crimes charged.

53. That the City and the Bronx County District Attorney's Office lacked probable cause to commence and to continue the criminal prosecution against the Plaintiff.

54. That the Defendants Soto, Katz, Rivera, Muhammad, and ADA Kim, at all relevant times, were motivated by actual malice.

55. At all relevant times, the defendants' actions were motivated by bad faith, actual malice, and were not justified, excused or privileged.

56. That the aforementioned individual subject individual defendants' actions were committed under color of state law and that these acts 'deprived the Plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.'

57. By the reason of the foregoing, Plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe mental anguish, and emotional upset, some of which injuries are permanent in nature and duration, and will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence all to his great damage.

58. That solely by reason of the above, the Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of any other Court in which this action might be maintained.

## AS AND FOR A SECOND CAUSE OF ACTION FOR ABUSE OF PROCESS UNDER CIVIL RIGHTS LAW 42 USC §1983 AS AGAINST DEFENDANTS CITY, BRONX DISTRICT ATTORNEY'S OFFICE AND ALL NAMED INDIVIDUAL DEFENDANTS ON BEHALF OF PLAINTIFF,.

59. The Plaintiff hereby incorporates by reference each and every preceding paragraphs 1 through 58 of this Complaint as though fully pleaded and re-alleged in their entirety below.

60. That the Fourth, Fourteenth and Fifth Amendment of the Constitution of the United States protects the right to be free from unreasonable searches and seizures; wrongful and false charges being filed against persons to deprive them of constitutional protections and provides that warrants shall issue only upon probable cause, supported by oath or affirmation.

61. That the above described actions of the Defendants City, NYPD and Bronx District Attorney's Office and more specifically, their agents, servants and employees, to wit Officer Soto and ADA Kim constitutes abuse of process in that these officers intentionally, willfully, and maliciously fabricated and or failed to prevent the fabrication thereof the aforementioned charges as against Plaintiff with the intent to cover up the above conflicting testimony of Soto, among other wrongs, and the defendants knowingly and intentionally abused the process of prosecution in this perverted manner to shield themselves from potential legal action to be taken against them by their employers, to wit Defendant City, the NYPD and Bronx District Attorney's Office .

62. At all relevant time hereto, Plaintiff is informed and believes and thereon alleges that defendants City, NYPD and Bronx District Attorney's Office employed the aforementioned defendant police officer and ADA as agents, servants and employees of each of defendants City who were at all times herein acting within the purpose and scope

of such agency and employment and as such the City, NYPD and Bronx District Attorney's Office are vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

63. That the Defendant's actions were committed under color of state law and that these acts 'deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.'"

64. By the reason of the foregoing, Plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe mental anguish, and emotional upset, some of which injuries are permanent in nature and duration, and will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence all to his great damage.

65. That solely by reason of the above, the Plaintiff has been damaged in an amount that equals or exceeds the jurisdictional limits of this Court.

66. That solely by reason of the above, the Plaintiff has been damaged in an amount that equals or exceeds the jurisdictional limits of any other Court in which this action might be maintained.

**AS AND FOR A THIRD CAUSE OF ACTION FOR UNREASONABLE AND EXCESSIVE FORCE UNDER 42 USC §1983 AS AGAINST DEFENDANTS CITY, POLICE OFFICER SOTO AND POLICE OFFICERS KATZ, RIVERA, AND MUHAMMAD:**

67. The Plaintiff hereby incorporates by reference each and every preceding paragraphs 1 through 66 of this civil complaint as though fully plead and re-alleged in their entirety below.

68. That the Fourth and fourteenth Amendments of the Constitution of the United States protects the right to be free from unreasonable searches and seizures; provides that warrants shall issue only upon probable cause, supported by oath or affirmation.

69. That the above described conduct that took place on May 15, 2010 at the subject times and place by the Defendants City and NYPD officers and each of them, including defendant officers Soto, Katz, Rivera, and Muhammad constitutes unreasonable and excessive force in violation of the 4th and 14th Amendment in that the conduct was violent, unprovoked and did cause harm to the person of Plaintiff and that this conduct was carried out by the Defendants City and NYPD, its Agents, servants and employees.

70. That at the time of Plaintiff's arrest, the Defendants City and employees NYPD officers and each of them, including defendant officers Soto, Katz, Rivera, and Muhammad lacked justification or probable cause: (a) to believe that Plaintiff had resisted arrest and committed the crime of resisting arrest; (b) to believe that the Plaintiff was about to commit a crime; and (c) to use excessive force against Plaintiff.

71. By their conduct, Defendants City and NYPD, its Agents, servants and employees' officers Soto, Katz, Rivera, and Muhammad under color of law, deprived Plaintiff of his constitutional right to be free from excessive and unreasonable force.

72. At all relevant times hereto, Plaintiff is informed and believes and thereon alleges that Defendants City and NYPD employed the aforementioned defendant NYPD officers as agents, servants and employees of each of defendants CITY OF NEW YORK AND

NYPD who were was at all times herein acting within the purpose and scope of such agency and employment and as such the City is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

73. By the reason of the foregoing, Plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe mental anguish, and emotional upset, some of which injuries are permanent in nature and duration, and will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence all to his great damage.

74. That solely by reason of the above, the Plaintiff has been damaged in an amount equal or in excess of the jurisdictional limits of this Court.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR FAILURE TO INTERVENE UNDER 42 USC § 1983 AS AGAINST POLICE OFFICERS KATZ, RIVERA, AND MUHAMMAD.

75. The plaintiff repeats the allegations of the foregoing paragraphs numbered 1 through 74 with the same effect as though set forth herein at length.

76. That the Fourth Amendment and Fourteenth Amendment of the Constitution of the United States protects the right to be free from unreasonable searches and seizures; provides that warrants shall issue only upon probable cause, supported by oath or affirmation.

77. That the Defendant Police Officers Katz, Rivera, and Muhammad had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by another police officer.

78. That said Defendants failed to intervene to prevent the unlawful conduct described herein.

79. That the officer Soto's actions were committed under color of state law and that these acts "deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States."

80. That police officers Katz, Rivera, and Muhammad who were present while Plaintiff was wrongfully injured by fellow police officer Soto failed to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens are liable under § 1983 as that Katz, Rivera, and Muhammad had reason to know: (1) that a false arrest and imprisonment was being made and occurring thereto in their presence, (2) that constitutional violations had been committed by a law enforcement official, and or (3) excessive force was being used against and that these officers had a realistic opportunity to intervene to prevent the harm from occurring.

81. At all relevant times hereto, Plaintiff is informed and believes and thereon alleges that defendants City and NYPD employed the aforementioned defendant police officers who were was at all times herein acting within the purpose and scope of such agency and employment and as such the City is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

82. By the reason of the foregoing, Plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe mental anguish, and emotional upset,

some of which injuries are permanent in nature and duration, and will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence all to his great damage.

83. That solely by reason of the above, the Plaintiff has been damaged in an amount equal or in excess of the jurisdictional limits of this Court.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 USC '1983 AS AGAINST DEFENDANTS CITY, NYPD, POLICE OFFICERS SOTO, KATZ, RIVERA, AND MAUHAMMAD.

84. Plaintiff repeats and reiterates the allegations of the foregoing paragraphs numbered 1 through 83 with the same force and effect as if herein set forth at length.

85. That the Fourth and Fourteenth Amendments to the Constitution of the United States protects the right to be free protects from unreasonable searches and seizures; provides that warrants shall issue only upon probable cause, supported by oath or affirmation.

86. That the above described arrest and consequential imprisonment that began on May 15, 2010 at the subject times and place by the defendants City and NYPD through and/or by the actions of their agents, servants and employees, namely police officers Soto, Katz, Rivera, and Muhammad constitutes false arrest and false imprisonment on the aforementioned charges without probable cause in violation of Plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the

United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

87. That at the time of Plaintiff's arrest, Defendant police officers Soto, Katz, Rivera, and Muhammad acted under color of law and were exercising their responsibilities pursuant to state law and under the directives of the Defendants City and NYPD.

88. That at the time of Plaintiff's arrest, the Defendants City and NYPD through and/or by the actions of its agents, servants and employees, namely police officers Soto, Katz, Rivera, and Muhammad lacked probable cause: (a) to believe that Plaintiff had committed a crime of resisting arrest; (b) to believe that the Plaintiff was about to commit the crime of resisting arrest; and (c) to commence a criminal prosecution against Plaintiff on the false criminal charges described above.

89. That at the time of Plaintiff's arrest, the Defendants City and NYPD through and/or by the actions of their agents, servants and employees, namely Defendant police officers Soto, Katz, Rivera, and Muhammad acted with malice and hatred towards Plaintiff as the motivation for his fabricated and false charge of armed robbery.

90. That as a result of the false charges brought against Plaintiff, he was taken into police custody and subjected to additional false grounds for incarceration.

91. That at all relevant times hereto, Plaintiff is informed and believes and thereon alleges that defendants City and NYPD employed the aforementioned defendant officers as agents, servants and employees of each of defendants City and NYPD who were at all times herein acting within the purpose and scope of such agency and employment and as such the City is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

92. That by reason of the foregoing, Plaintiff was injured; was rendered sick sore lame and disabled; was and or will be caused to undergo medical treatment and advice; was unable to pursue his usual and regular activities; and his injuries are permanent in nature and effect.

93. That solely by reason of the above, the Plaintiff has been damaged in an amount in excess of the jurisdictional limits of any lower Court in which this action might be maintained.

**AS AND FOR A SIXTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER CIVIL RIGHTS LAW 42 USC §1983 ON BEHALF OF PLAINTIFF AS AGAINST CITY, NYPD, BRONX DISTRICT ATTORNEY'S OFFICE, ADA KIM AND POLICE OFFICERS SOTO, KATZ, RIVERA, AND MAUHAMMAD.**

94. That the Plaintiff hereby incorporates by reference each and every preceding paragraphs 1 through 93 of this civil complaint as though fully plead and re-alleged in their entirety below.

95. That the Fourth and Fourteenth Amendment of the Constitution of the United States protects the right to be free from unreasonable searches and seizures, including intentional acts of violence; provides that warrants shall issue only upon probable cause, supported by oath or affirmation.

96. That the Plaintiff is informed and believes and thereon alleges, that such acts of Defendants City, NYPD, BRONX DISTRICT ATTORNEY'S OFFICE and each of them, including Defendant(s) Police Officers Soto, Katz, Rivera, Muhammad and ADA KIM as their agents, servants and or employees were intentional, extreme, and outrageous. Plaintiff is further informed and believes and thereon alleges that such actions were done with the intent to cause serious emotional distress or with reckless disregard of the probability of causing Plaintiff serious emotional distress.

97. That the aforementioned individual subject Defendant Police Officer's and ADA JIM actions were committed under color of state law and that these acts deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

98. At all relevant times hereto, Plaintiff is informed and believes and thereon alleges that defendants City, NYPD and BRONX DISTRICT ATTORNEY'S OFFICE and the aforementioned defendant Police officers and ADA Kim, as agents, servants and employees of each of defendant City were was at all times herein acting within the purpose and scope of such agency and employment and as such the City is vicariously liable for such officers, agents, servants and employees wrongful conduct thereto.

99. That as a direct, legal and proximate result of such acts of the said Defendants and each of them, including Defendant(s) Soto, Katz, Rivera, and Muhammad and ADA Kim as their agents, servants and or employees Plaintiff, sustained injuries to various parts of his head, body, limbs and nervous system and, upon information and belief, some of his injuries are of a permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed and home and prevented from attending to his usual business and/or occupation, and sustained a loss of earnings and he was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his injuries.

100. That solely by reason of the above, the Plaintiff has been damaged in an amount that equals or exceeds the jurisdictional limits of this Court.

**WHEREFORE**, the Plaintiff demand judgment against the defendants in an amount exceeding the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action, together with the costs

and disbursements of this action and any other such relief as this honorable Court may deem just, fair and proper, to wit.

a. Compensatory damages in the sum which equals or exceeds the jurisdictional limits this Court;
b. Punitive damages where permitted in the sum which exceeds the jurisdictional limits of this Court;
c. Pursuant to §1988 An award of reasonable attorney's fees, costs and disbursements;
d. Plaintiff requests a trial by jury of all issues involved in this complaint;
e. Such other and further relief as this Court may deem just, meet and proper under the circumstances.

Dated: New York New York

October 11, 2022

_____/S/_____

REHAN NAZRALI, Esq.

299 Broadway, 17th Floor

New York, NY 10007

Tel: 646-331-9378