

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

Susan P. Scharfstein
*Special Federal Litigation Division*
212-356-2355
sscharfs@law.nyc.gov

June 9, 2023

Honorable P. Kevin Castel *(by ECF)*
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY  10007

     Re: <u>Alvarez v. City of New York, et al.</u>, 22-cv-08689 (PKC)

Dear Judge Castel:

   I am an attorney in the office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, counsel for defendants City of New York, the New York City Police Department, Alexis Soto, Jonathan Katz, Carlos Rivera, and Muhammad Abuhaikal (defendants) in this action brought pursuant to 42 U.S.C. § 1983.[1]  I write to request that the Court address defendants' proposed Rule 12(b)(6) motion to dismiss plaintiff's Third Amended Complaint filed on May 23, 2023, which is described below and is potentially dispositive of nearly all of plaintiff's claims in this action.  The next conference in this matter is presently set for June 9, 2023, at 12:00 p.m.  Defendants also renew their request that the Court stay discovery pending the resolution of the motion to dismiss.

**A. Background of This Action**

   Plaintiff Carlos Alvarez initiated this lawsuit on October 13, 2022, and subsequently amended twice without leave of Court before defendants appeared in the action.  Plaintiff again sought leave to amend after defendants filed their first pre-motion conference letter proposing to move to dismiss on March 3, 2023.  Plaintiff's request to amend again was granted by the Court.  As a result, plaintiff filed the Second Amended Complaint on April 6,

---

[1] Muhammad Abuhaikal has been incorrectly sued as Abuhaikal Muhammad.  On information and belief, defendant Bronx District Attorney's office (BCDA) has not been served.  Although plaintiff sought an extension for service until February 15, 2023, which was granted by the Court, it appears that service was not accomplished by that date.  Defendants note, however, that any claims against the District Attorney's office, as an official arm of New York State, are barred by the doctrine of state sovereign immunity.  See <u>Bankhead v. John</u>, 10-cv-510 (NGG) (LB), 2010 U.S. Dist. LEXIS 23632, at *6 (E.D.N.Y. Mar. 11, 2010) (citing <u>Marbley v. Bane</u>, 57 F.3d 224, 233 (2d Cir. 1995)).  This office does not represent Assistant District Attorney Jennifer Kim.

2023. After defendants again submitted a pre-motion conference letter proposing again to move to dismiss, plaintiff again sought leave to amend. Leave to amend was again granted by the Court. The current pleading, which is captioned the Third Amended Complaint (TAC), was filed by plaintiff on May 23, 2023.[2]

In the TAC, plaintiff alleges, in essence, that, beginning with an encounter on May 15, 2010, he was arrested by defendant Soto, along with the other defendant officers, based on the allegations of a hit-and-run driver who claimed that plaintiff and three traveling companions in his vehicle had attempted to carjack his vehicle and threatened him with a knife. (See generally TAC). According to plaintiff, his car was hit from behind by the other driver, who attempted to flee without providing his insurance information. (TAC at ¶ 12). Plaintiff and his companions followed the driver and exited their vehicle to inform the driver of his duty to stop and provide his insurance information. (TAC at ¶ 13). Plaintiff instructed his companions to return to their vehicle on fearing that a confrontation might ensue. (TAC at ¶ 14). After returning to their vehicle and driving away, plaintiff and his companions were arrested by the defendant officers. (TAC at ¶ 15). They were forcefully extracted from their vehicle, handcuffed, and made to kneel "execution style" on the street while the officers had guns drawn and were "ready to kill." (TAC at ¶ 16). The officers approached the complaining victim and took his statement, but did not interview plaintiff or his companions. (TAC at ¶ 17). Rather than accepting any exculpatory explanation from plaintiff or his companions, the defendant officers immediately concluded, against proper police practice, that plaintiff had committed a crime and placed him under arrest. (TAC at ¶ 17). Had the officers conducted a proper investigation, i.e., interviewed plaintiff and his companions, they would have known that there was no probable cause for plaintiff's arrest. (TAC at ¶ 17). At the precinct, defendant Soto alleged to a detective that she had observed a male Hispanic pointing a knife at the victim while the other three men were attempting to force themselves into the victim's vehicle and then forcibly removed the victim's property and began to walk to their vehicle when they saw the police. (TAC at ¶ 18). There was no evidence to prove Soto's allegations that plaintiff and his companions were following the other driver because they wanted to carjack the vehicle. (TAC at ¶ 19). After speaking to the other driver, Soto somehow found a knife and a backpack with possessions worth no more than $80. (TAC at ¶ 21).

Thereafter, on June 21, 2010, plaintiff was arraigned in Bronx County Supreme Court on twenty-one counts, including charges of robbery, unlawful imprisonment, criminal possession of a weapon, and assault. (TAC at ¶ 24). Soto lied by testifying that she had first encountered plaintiff and his companions when they were in their vehicle and otherwise fabricated evidence of the alleged crimes. (TAC at ¶¶ 26-28). The prosecutor suborned perjury by Soto and deliberately provoked a mistrial because she knew that she had committed an illegal act. (TAC at ¶¶ 33-34). Following the mistrial, the presiding judge ordered a second trial. (TAC at ¶ 39). On December 13, 2013, plaintiff was found guilty of first degree robbery, and was acquitted of the other charges or the other charges were dismissed. (TAC at ¶ 40). During

---

[2] On May 24, 2023, the Clerk noted on ECF that the filing was deficient and directed plaintiff to refile the document. Although plaintiff has not yet done so, and it therefore remains unclear whether this pleading was timely filed and has any effect, defendants submit this response in the interests of efficiency in light of the lengthy period in which this action has been pending.

the prosecution, four different criminal defense attorneys failed to provide the assistance that plaintiff required. (TAC at ¶¶ 25, 37, 38, 43, 45, 46). Plaintiff was incarcerated from the time of his 2010 arrest until the court reversed his conviction on determining that his retrial had violated constitutional prohibitions against double jeopardy. (TAC at ¶ 49). The criminal matter "terminated completely in plaintiff's favor on or before" October 19, 2021. (TAC at ¶ 87). Plaintiff was unconstitutionally imprisoned began after his arraignment on June 21, 2010, and continued until he completed his sentence on November 13, 2020. (TAC at ¶ 108).

At present, having abandoned his defective claims for abuse of process and supervisory liability, based on the New York State Constitution, and against the non-suable NYPD, plaintiff advances seven claims for relief in this action pursuant to § 1983, as follows: (i) malicious prosecution against all defendants; (ii) failure to intervene against defendants Katz, Rivera, and Abuhaikal; (iii) false or "unconstitutional" imprisonment against all individual defendants; (iv) civil rights conspiracy pursuant to § 1983 against all individual defendants; (v) liability pursuant to Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978), against the City based on alleged shortcomings of the BCDA; (vi) a second Monell claim related to the alleged failures of the City with regard to the NYPD; and (vii) due process violations, namely, denial of the right to a fair trial, failure to disclose exculpatory or impeachment material (presumably in violation of Brady v. Maryland, 373 U.S. 83 (1963)), and deliberate failure to conduct a constitutionally adequate investigation, against all individual defendants.[3] As plaintiff has had a full and fair opportunity to amend his pleading no fewer than four times, the Court should dismiss the defective claims with prejudice at this stage and allow no further amendments of the complaint.

**B.    Legal Basis for the Motion To Dismiss**

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a plaintiff must satisfy the "facial plausibility" pleading standard of Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), by pleading facts that give rise to a plausible inference that the defendant may be liable. The Court need not accept "conclusory allegations or legal conclusions couched as [] factual allegations." Milan v. Wertheimer, 808 F.3d 961, 963 (2d Cir. 2015) (per curiam) (quoting Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014)). Without conceding the truth of the facts as alleged by plaintiff described above, defendants assume them to be true solely for the purposes of this motion to dismiss. On that basis, the claims discussed below fail to meet these standards, are time-barred or otherwise legally flawed, and should be dismissed at this stage.

          **1.    The Three-Year Limitations Period Bars the Majority of the Claims**

As an initial matter, a number of plaintiff's claims are barred by the three-year limitations period that applies to § 1983 claims. See, e.g., Hogan v. Fischer, 738 F.3d 509, (2d Cir. 2013); Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997). A claim accrues, and the statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury that is the basis of the action. Hogan, 738 F.3d at 518; Pearl v. City of Long Beach, 296 F.3d 76, 79

---

[3] Plaintiff's references to the First and Fifth Amendments, (see TAC at ¶¶ 1, 2, 173), do not appear to give rise to any claims and, for that reason, are unavailing.

(2d Cir. 2002). As explained below, the false imprisonment claim is time-barred, as are all derivative claims, such as the failure-to-intervene, conspiracy, and Monell claims, to the extent that they arise out of a underlying claim that began to accrue more than three years before this lawsuit was filed.[4]

A false imprisonment claim is analyzed in the same manner as a false arrest claim. See, e.g., Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995). A false arrest or imprisonment is a detention without legal process which ends when the subject is held pursuant to legal process or on arraignment. See, e.g., McDaniel v. City of N.Y., 585 F. Supp. 3d 503, 514 (S.D.N.Y. 2022) (citing Lynch v. Suffolk County Police Dep't, 348 Fed. Appx. 672, 675 (2009)). Thereafter, an unlawful detention forms part of the damages for the distinct tort of malicious prosecution. Wallace v. Kato, 549 U.S. 384, 389-90 (2007). Therefore, any claim for false imprisonment accrued no later than the date of plaintiff's arraignment. See Wallace, 549 U.S. at 391; Lynch, 348 Fed. Appx. at 675. According to plaintiff, he was arraigned in Supreme Court on June 21, 2010. (TAC at ¶ 24). The statute of limitations for the false arrest claim therefore expired no later than June 21, 2013, nearly ten years before plaintiff filed this action on October 13, 2022.[5] Plaintiff's vain attempt to recast the claim as one for "unconstitutional imprisonment" rather than "false imprisonment" is of no substance and falls short of salvaging this claim.

A claim for malicious prosecution begins to accrue when the prosecution is terminated in favor of the accused. Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995). According to plaintiff, he was acquitted of all charges other than the first degree robbery charge or the other charges were dismissed in late 2013. (TAC at ¶ 40). As more than three years passed from the termination of such charges in 2013, and the date that plaintiff filed this lawsuit in 2022, any malicious prosecution claim arising out of charges other than the first degree robbery charge are now also irretrievably barred.

### 2. Other Legal Defenses to Plaintiff's Claims

As shown below, a number of plaintiff's claims are legally flawed as to the individual defendants. As for the City, plaintiff cannot sustain a claim for malicious prosecution, as he attempts to do. Among other things, the City cannot be sued pursuant to § 1983 on a theory of respondeat superior liability. Knicrumah v. Albany City Sch. Dist., 241 F. Supp.2d 199, 206 (N.D.N.Y. 2003). Rather, plaintiff must show that the alleged constitutional deprivation was the result of a municipal policy or custom so as to pursue a claim. City of

---

[4] A claim for failure to intervene, for example, must be premised on a violation of an underlying constitutional right. See Feinberg v. City of N.Y., 99-cv-12127, 2004 U.S. Dist. LEXIS 16098, at *12 (S.D.N.Y. Aug. 13, 2004). The limitations period accrues when the failure to intervene takes place or at the time of the underlying wrong. Roundtree v. City of N.Y., 15-cv-6582 (GHW), 2018 U.S. Dist. LEXIS 6739, at *7 (S.D.N.Y. Jan. 16, 2018). Plaintiff alleges that defendants Katz, Rivera, and Abuhaikal failed to intercede in Soto's malicious prosecution and imprisonment of plaintiff. (TAC at ¶ 100). To the extent that the underlying violation is alleged to have been committed by Soto at or about the time of the arrest in 2010, the limitations period for the failure-to-intervene claim arising out of the false imprisonment also now is barred.

[5] The "arrest" did not, as plaintiff contends, (see TAC at ¶ 108), continue until he completed his sentence on November 13, 2020.

Canton v. Harris, 489 U.S. 378, 385 (1989).  Yet his allegations in this regard are conclusory and he has thus failed to allege a viable claim against the City.

The malicious prosecution claim against defendants Katz, Rivera, and Abuhaikal cannot survive a Rule 12(b)(6) motion, because plaintiff has alleged no facts to sustain a claim as to any defendant other than Soto.  In short, the TAC contains no facts to show that any of these three defendants provided any information to the prosecutors or took any action to initiate or continue a prosecution without probable cause and with malice or had any involvement that resulted in a post-arraignment deprivation of plaintiff's liberty, as it must to allege a claim.  See, e.g., Mitchell v. City of N.Y., 841 F.3d 72, 79 (2d Cir. 2016).

The failure-to-intervene claim fails because it does not specify which of the officers did not intervene to prevent a foreseeable harm to plaintiff, or how or when they did so.  An official may be liable on this theory only when a reasonable person in the official's position would have known that the plaintiff's constitutional rights were being violated, had a realistic opportunity to intervene to prevent the harm, and did not take reasonable steps to do so.  O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2d Cir. 1988). Plaintiff fails to allege facts to demonstrate that Katz, Rivera, or Abuhaikal were on notice of false statements made by Soto to the prosecutor, had an opportunity to intervene, failed to do so.  This claim must also be premised on an underlying constitutional violation.  Feinberg v. City of N.Y., 99-cv-12127, 2004 U.S. Dist. LEXIS 16098, at *12 (S.D.N.Y. Aug. 13, 2004).  This theory fails for inadequacy of the pleading on all bases.

The false imprisonment claim, which plaintiff has restyled as a claim for "unconstitutional" imprisonment, suffers from the same infirmities as before as it also is inadequately pled.  The existence of probable cause is a complete defense to a claim for false arrest.  Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).  To establish probable cause, an arresting officer may ordinarily rely on the statement of a complaining victim.  See, e.g., Wieder v. City of N.Y., 569 F. App'x 28, 29 (2d Cir. 2014); Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006).  According to plaintiff's allegations, he was arrested for an armed robbery based on a victim's statement.  (See TAC at ¶¶ 17, 20).  After speaking to the victim, Soto recovered a backpack and a knife.  (See TAC at ¶ 21).  There was thus more than sufficient evidence to create probable cause for the arrest.  While plaintiff alleges that the officers lacked probable cause for the crimes that plaintiff was ultimately charged with, (see TAC at ¶ 117), an arrest is lawful irrespective of whether there was probable cause for each individual charge or, indeed, any charge that was actually invoked by the arresting officer at the time of the arrest.  See Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006) (citing Devenpeck v. Alford, 543 U.S. 146, 153-54 (2004)).  There can therefore be no claim for false or "unconstitutional" imprisonment.  If anything, this claim is no more than a mere restatement of the malicious prosecution claim.

To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity;  (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal, causing damages.  Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999).  Yet plaintiff's generalized allegations, (see TAC at ¶¶ 123-24), fall short of alleging facts to establish an agreement to inflict an unconstitutional injury and an overt act in furtherance of the goal.  See Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002).  Vague or conclusory allegations of a

conspiracy fail. Ciambriello, 292 F.3d at 325; see also Robbins v. Cloutier, 121 Fed. Appx. 423 (2d Cir. 2005) (dismissing a § 1983 conspiracy claim where plaintiff alleged merely that defendants "acted in a concerted effort" to agree "not to hire [p]laintiff and to inform others not to hire plaintiff"). Here, plaintiff fails to allege facts to evidence an agreement, an overt act, or any other element of a claim. Without more, this claim must be dismissed.

Plaintiff's Monell claims are also flawed because they are premised on threadbare allegations concerning a variety of alleged types of wrongdoing at the BCDA and the NYPD. Yet the facts alleged by plaintiff are nowhere near sufficient to support a theory of municipal liability, i.e., the existence of a municipal policy or custom and a causal connection between the policy and the deprivation of one or more of plaintiff's constitutional rights. Vippolis v. Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985), cert. denied, 480 U.S. 916 (1987). On the contrary, plaintiff does not so much as articulate a policy of either agency that resulted in a violation of one or more of his federally-protected rights; rather, he does no more than recite the elements of a claim. Nor does plaintiff cite judicial decisions that embody findings of misconduct by members of the BCDA or the NYPD. Plaintiff resorts instead to generalized recitations of purported "facts" that are derived principally from a single law review article that expresses the interpretations and opinions of the author based on his review of discovery in a mere three cases that he had handled over an approximate eleven-year period roughly from 2001 to the publication of the article in 2011; unsubstantiated allegations made in lawsuits; and sweeping, generic language drawn from the Mollen Commission report dating from 1994. (See, e.g., TAC at ¶¶ 60-62, 139-141, 155, 168). Monell liability, however, must be grounded in fact and based on a policy, custom, or practice that is persistent, well-settled, and widespread. See, e.g., Douglas v. City of Peekskill, 21-cv-10644 (KMK), 2023 U.S. Dist. LEXIS, at **23-28 (S.D.N.Y. Mar. 24, 2023) (granting motion to dismiss where plaintiff cited only to five court decisions, between 1987 and 2015, holding that the Westchester County district attorney's office had engaged in Brady violations, which amounted to no more than "isolated instances"). A claim of this nature that is pled in such manner cannot survive a motion to dismiss.

Plaintiff's claim for denial of his due process rights based on an alleged fabrication of evidence is flawed on its face as to all defendants other than Soto, as plaintiff does not so much as attribute any fabrication or omission to Katz, Rivera, or Abuhaikal. Further, a due process claim related to an alleged failure to conduct a "constitutionally adequate investigation" is also lacking, because plaintiff is not entitled to an investigation to his liking and the statement of a complaining victim is typically sufficient to establish probable cause. See, e.g., Villa v. City of N.Y., 11-cv-1669 (RJS) (AJP), 2013 U.S. Dist. LEXIS 49830, at **10-15 (S.D.N.Y. Mar. 14, 2013) (dismissing claim of false arrest where plaintiff, who was arrested for shoplifting, claimed officers failed to obtain his version of events and failed to review surveillance video that would have exonerated him). While plaintiff claims that defendant officers took and relied only on the statement of the complaining victim, (TAC at ¶ 17), he also concedes that the driver had motive to deceive the police and that Soto recovered items that were consistent with the driver's story. (TAC at ¶¶ 20-21). Notably, plaintiff fails to identify any steps that the officers should have taken and did not take. Plaintiff also does not identify any exculpatory evidence of which the officers had reason to be aware. A due process claim would also be time-barred to the extent that it arose out of events that allegedly took place at or around the time of plaintiff's arrest in 2010. To the extent that this claim is alleged to arise out of a failure to disclose exculpatory or impeachment material, plaintiff has failed to specify the alleged

evidence that a particular defendant failed to turn over to prosecutors and how plaintiff was prejudiced by the alleged non-disclosure, as he must do. See United States v. Rivas, 377 F.3d 195, 199 (2d Cir. 2004).

C.      **Related Application for a Stay**

Defendants renew their request that the Court stay discovery pending the resolution of this motion, as it appears that early motion practice may significantly limit the scope of this case and the discovery would be substantially narrowed as a result.

A stay of discovery in these circumstances would serve the interests of efficiency and judicial economy. Federal district courts have discretion to issue protective orders staying discovery pending decision on motions to dismiss. Transunion Corp. v. PepsiCo, Inc., 811 F.2d 127, 130 (2d Cir. 1987) (the purpose of the motion would otherwise be defeated). District courts have ordered discovery stayed for good cause pursuant to Rule 26(c). See, e.g., Barnes v. Smith, 12-cv1916 (RLE), 2013 U.S. Dist. LEXIS 12616, at *1-2 (S.D.N.Y. Jan. 17, 2013). Good cause may be shown where a party has filed a dispositive motion. Id. A stay of discovery is appropriate where a motion appears to have substantial grounds and is not without legal foundation. Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

As outlined above, defendants' proposed motion is strong on the merits and there is a likelihood of success. A stay would benefit both sides by avoiding the burden and expense of discovery that may well prove unnecessary, and would avoid the need for the Court's ongoing supervision of collateral issues. See Integrated Sys. & Power v. Honeywell Int'l, 09-cv-5874, 2009 U.S. Dist. LEXIS 78476, at *4 (S.D.N.Y. Sept. 1, 2009) (granting stay of discovery to potentially "avoid the need for costly and time-consuming discovery") (quoting In re Term Commodities Cotton Futures Litig., 12-cv-5126, 2013 U.S. Dist. LEXIS 65797, at *23 (S.D.N.Y. May 8, 2013)). Case law favors a stay of discovery in these circumstances. See Chesney v. Valley Stream Union Free Sch. Dist. No. 25, 05-cv-5105 (DRH) (ETB), 2006 U.S. Dist. Lexis 22417, at *7-8 (E.D.N.Y. Mar. 28, 2006) (concluding that it would be unreasonable and inappropriate to set a discovery schedule, as compliance with discovery would result in a substantial diversion of public resources, and that, by awaiting a decision on the motion, the areas of discovery might be substantially reduced, if not eliminated). Here, similarly, considerations of efficiency dictate awaiting decision on the scope of this action before moving forward with potentially unnecessary discovery.

Thank you for your consideration of the above.

Respectfully submitted,

/s/ Susan P. Scharfstein

Susan P. Scharfstein

cc:     All counsel of record *(by ECF)*